Filed 3/7/23  P. v. Randhawa CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096424 |
| v. | (Super. Ct. No. MAN-CR-FE-2020-0005468) |
| SHER JARNAIL SINGH RANDHAWA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Sher Jarnail Singh Randhawa asked this court to review the record and determine whether there are any arguable issues on appeal. (*People  v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will remand the matter for the trial court to impose the appropriate fines and assessments.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the convictions.

I

In June 2020, the San Joaquin County Sheriff's Office placed a listing on the Craigslist Modesto Website in the "Missed Connections" section.  The listing's heading read, "Saw you in town (Lathrop)" and the body read, "Young female looking for the guy

1

I saw driving in town. Are you him?" and provided a phone number to a decoy telephone.

The next day defendant called the decoy telephone. The officer (hereafter the decoy) did not answer. Instead, the next day, the decoy sent a text message saying, "Hey."

Shortly thereafter, defendant texted the decoy telephone number asking if he could call. When the decoy did not answer, defendant called. Again, the decoy did not answer, but shortly thereafter responded with another text, "I only have texts on Wi-Fi on my phone."

The defendant and the decoy engaged in an extended text message exchange over two hours. The conversation started out with defendant asking, "Hey who u see in Lathrop? May i know about u who u r? What u need?" and "What u want?" After defendant revealed to the decoy he was a "man of 35, can make you happy," the decoy texted, "i wish my age wont bother you." When defendant asked the decoy's age and whether the decoy was female, the decoy replied, "young fit female 13 yrs old but dont let that bother you." At first defendant responded, "Oh no u r too young," but then he said, "It bothers. But i wanna look u." Referring to the decoy's age, the decoy texted defendant, "that's just a number not my first time."

During the text conversation, the two exchanged texts to meet up in Lathrop later that day. When the decoy asked defendant what they were going to do when they met up, defendant demurred and asked the decoy what the decoy wanted to do. The decoy responded by saying the decoy would orally copulate defendant and defendant could take it from there. Defendant texted he would do what the decoy wanted, and wanted to talk to the decoy and then engage in oral copulation and intercourse.

Twice during the conversation, defendant texted the decoy, "u no law enforcement?" The decoy responded to the second question in the negative.

2

Ultimately, the two agreed to meet at the skateboard park by the local high school. Defendant shared he would be in a Prius, but he wanted to see her first. The decoy responded by sending defendant a photograph the decoy was using that day (of another officer in the department). Defendant told the decoy his car was white and he was a "Punjabi boy" with a beard and mustache.

When defendant texted that he was at the skate park, officers located defendant in his car. They confirmed that his phone was the one that had been sending the text messages to the decoy telephone. Defendant told the police officers he had answered a Craigslist listing. He said the person he was meeting "said she was 13."

Defendant testified that he saw and responded to the Craigslist listing. He said he had used Craigslist to find a truck yard and did not know what it meant to have a missed connection. He claimed he was in Lathrop the day the listing was posted and saw two woman in their 20's or 30's, one of whom waved at him. He called the number in the listing to see if that was the person who waved at him.

Defendant claimed he did not believe he was chatting with a 13-year-old girl because in his home country most women do not tell their exact age. He kept texting the decoy because he thought the decoy was "playing" and he wanted to take a look.

A jury found defendant guilty of contacting a minor for a sexual offense (Pen. Code, § 288.3, subd. (a))[1] and arranging and appearing for a meeting with a minor for purposes of engaging in lewd and lascivious behavior (§ 288.4, subd. (b)).

The trial court placed defendant on probation for five years with 210 days in jail. The probation term was subsequently reduced to two years pursuant to section 1203.1 (Stats. 2020, ch. 328, § 2). The trial court required defendant to register under section 290 and ordered him to pay a $300 fine under section 290.3, a $100 fee for preparation of the presentence report, and an unspecified $40 fee. Although the clerk's

---

[1] Undesignated statutory references are to the Penal Code.

minutes indicate that the trial court imposed a $300 restitution fine (§ 1202.4), a $300 probation revocation fine (§ 1202.44), two $40 court operations assessments (§ 1465.8), and two $30 criminal conviction assessments (Gov. Code, § 70373), the trial court did not orally impose those fines or assessments at sentencing.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Based on our review of the record, we will remand the matter for the trial court to impose the correct and appropriate fines and assessments.

The legal authority for fines and assessments must be specified. In addition, where the sentencing court's oral pronouncement of sentence varies from the written minute order, it is the oral pronouncement that prevails. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Further, effective July 1, 2021, Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 92, § 47) repealed former section 1203.1b and abrogated the trial court's authority to impose and collect a fee for the preparation of the probation report. This bill also enacted section 1465.9, which made any balance remaining on the abrogated fees due uncollectible and unenforceable. (*People v. Clark* (2021) 67 Cal.App.5th 248, 259-260.) Accordingly, the trial court must orally impose the correct and appropriate fines and assessments.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The convictions are affirmed.  The matter is remanded for the trial court to orally impose the appropriate fines and assessments, and to amend and/or correct the relevant order documents to properly reflect those fines and assessments.

_____/S/_____
                                                            MAURO, J.


We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
McADAM, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5